JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SEAN MILLER

**DEFENDANTS**
FRONTIER AIRLINES, INC.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government
Plaintiff
- ❏ 2   U.S. Government
Defendant
- ❏ 3   Federal Question
*(U.S. Government Not a Party)*
- ☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332
Brief description of cause:
Personal injuries sustained on airplane

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
11/10/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SEAN MILLER | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| FRONTIER AIRLINES, INC. | : | NO. |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( x )

| | | |
|---|---|---|
| 11/10/2024 | | Sean Miller |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Philadelphia, PA</u>

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  *Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  *Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☒ 6.  Other Personal Injury *(Please specify)*: <u>personal injuries sustained on airplane</u>
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEAN MILLER | : | CIVIL ACTION |
| 3038 Lehigh Avenue | : | |
| Philadelphia, PA 19132 | : | No._____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FRONTIER AIRLINES, INC. | : | |
| 4545 Airport Way | : | |
| Denver, CO 80239 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff, Sean Miller ("Mr. Miller" or "Plaintiff"), through his undersigned attorney,

brings the following Complaint against the above-captioned Defendant.

## PARTIES

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the Commonwealth of

   Pennsylvania, with a home address of 3038 Lehigh Avenue, Philadelphia, PA 19132.

2. Defendant, Frontier Airlines, Inc. ("Frontier" or "Defendant"), is, upon information and

   belief, a corporation, partnership or other business entity in the State of Colorado, with a

   principal place of business, place of incorporation and citizenship of 4545 Airport Way,

   Denver, CO 80239.

## JURISDICTION AND VENUE

3.  Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and domiciliary of the Commonwealth of Pennsylvania and Defendant is a corporation, partnership or other business entity with a citizenship of and principal place of business in and place of incorporation in the State of Colorado.

4.  There is, therefore, complete diversity of citizenship between all Plaintiffs and all Defendants.

5.  At all times material hereto, Frontier is authorized to and does, in fact, regularly and continuously conduct and transact business within the Commonwealth of Pennsylvania and in this judicial district, sufficient to satisfy the requirements for exercising either general and/or specific jurisdiction and venue over this Defendant, as more particularly set forth herein.

6.  At all times material hereto, defendant Frontier is, upon information and belief, registered as a foreign corporation authorized to conduct business in the Commonwealth of Pennsylvania and as such, pursuant to 42 Pa. C.S.A. § 5301(a)(2), has both consented to general personal jurisdiction in Pennsylvania.

7.  Frontier, at all relevant times, was a common carrier engaged in the business of transporting passengers for hire by air.

8.  Frontier operates regularly scheduled passenger airline flights from various airports in the United States, including, but not limited to, airports located within this judicial district, namely Philadelphia International Airport, located in Philadelphia, PA.

9.  The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as, in addition to that which is set forth in Paragraphs 1-9, above, the personal injuries that are the subject of this litigation occurred in the United States airspace, in destination to Philadelphia, PA, within this District.

## FACTS

11. On or about September 20, 2024 (the "Incident Date"), Mr. Miller was a lawful paying passenger aboard Frontier Airlines Flight 4948 from Myrtle Beach, SC to Philadelphia, PA.

12. During cabin service, Mr. Miller requested and received hot tea.

13. The hot water for the tea was presented to Mr. Miller, in highly negligent fashion, filled to the brim, at an unsafely and unreasonably high temperature and without any form of a lid.

14. The scalding hot water spilled between his legs, through his clothing and directly onto Mr. Miller's genitalia.

15. Mr. Miller was unable to move from his tightly-situated airplane seat after the spill and sat in agony while his body was being burned, as set forth, below.

16. Mr. Miller sustained third-degree burns and has been left with disfiguring scars on his penis, testicles and thighs.

17. Mr. Miller was met on the ground in Philadelphia by an ambulance and was taken to Jefferson Methodist Hospital.

18. Mr. Miller was then transferred to The Jefferson University Hospital Burn Center, due to the severity of his injuries.

19. Such violent incident caused Mr. Miller to a) sustain the permanent injuries described

below, that have caused his body to not heal or function normally with further medical treatment; and b) suffer significant financial harm.

## COUNT ONE – NEGLIGENCE

20. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

21. As the direct and proximate cause of Defendant's negligence as stated above, Mr. Miller has suffered severe permanent physical and emotional injury and financial loss.

22. The injuries that Mr. Miller has sustained are permanent in nature. Mr. Miller has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of his natural life.

23. As a further result of the above negligent acts committed by Defendant, Mr. Miller has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

24. In addition, Mr. Miller has suffered other economic injury and will likely continue to suffer such economic injury.

25. Defendant, by offering hot beverages to passengers on its airplanes, had a duty to Mr. Miller to provide his requested hot beverage to him in a safe manner that would not subject him to potential injury and disfigurement.

26. Defendant breached said duty, as set forth below.

27. As a direct and proximate result of the aforesaid acts, omissions, carelessness and/or negligence on the part of Defendant, Mr. Miller suffered severe personal injuries; has been

and will be in the future, made to endure great pain and suffering and embarrassment, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to his regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

28. The aforesaid accident was caused by the negligence and/or carelessness of Defendant, because it:

    a) offered hot beverages to passengers on its airplanes, yet failed to provide Plaintiff with his requested hot beverage in safe manner, namely:

- failing to attach a lid to the hot beverage;

- filling the hot beverage too high in the cup;

- handing the hot beverage to Plaintiff in a negligent and otherwise unsafe manner;

- serving the beverage at too high of a temperature, failing to account for the likelihood of recipients of hot beverages, such as Plaintiff, to burn themselves;

    b) failed to properly train its cabin staff to deliver hot beverages to passengers in a safe manner; and

    c) otherwise failed to exercise due care under the circumstances.

29. As the result of the above-referenced incident, Mr. Miller suffered painful and serious permanent injuries, including, but not limited to:

    a) third-degree and other burns and disfiguring scars (including, but not limited to, highly unsightly and embarrassing discoloration) on his penis, scrotum/testicles

and thighs;

b) significantly decreased sensation in his penis;

c) sexual dysfunction;

d) post-traumatic stress disorder and other psychological maladies;

e) embarrassment and lack of self-esteem;

f) radiculopathy;

g) cervicalgia;

h) nerve damage throughout his body;

i) strains, sprains, disc bulges and disc herniations throughout his body, the extent of which is presently unknown; and

j) additional emotional harm, the extent of which is presently unknown.

30. As a result of such accident, Mr. Miller has incurred unreimbursed medical and other expenses and liens that will continue to accrue for an indefinite time into the future.

31. As a result of such accident, Mr. Miller suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

32. As a further result of such accident, Mr. Miller has suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiff, Sean Miller, demands judgment against the Defendant in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

THE BARRIST FIRM, LLC

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date:  November 10, 2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN MILLER | : CIVIL ACTION |
| 3038 Lehigh Avenue | : |
| Philadelphia, PA 19132 | : No._____ |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| FRONTIER AIRLINES, INC. | : |
| 4545 Airport Way | : |
| Denver, CO 80239 | : |
| | : |
| Defendant. | : |
| | : |

## JURY DEMAND

Plaintiff, Sean Miller, hereby demands a trial by twelve (12) jurors.

Respectfully submitted,

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date:  November 10, 2024